UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THEODORE LEE,<br><br>                Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br><br>                Defendant. | Case No. 2:14-cv-00606-RCJ-PAL<br><br>ORDER<br><br>(Jt. Mot Ext – Dkt. #24) |

      The court set the parties' Joint Motion for Extension of Pretrial Deadlines (Second Joint Request) (Dkt. #24) for hearing on November 30, 2015. Counsel for Plaintiff did not appear. Staff was initially told that Attorney Mark Bailus was on his way and expected to arrive any moment for the hearing. Chambers was later contacted and told that Mr. Bailus was in state court. E. Carmen Ramirez appeared telephonically on behalf of the United States.

      The parties requested a 120-day extension of the discovery plan and scheduling order deadlines for various reasons. First, this case is involves potentially complex issues of administrative and international law, the Plaintiff and non-party witnesses live and work outside the country, and the parties have a number of discovery disputes. Counsel for Plaintiff had emergency open heart surgery and has been in recovery only returning to work on September 2015. The parties have been working on attempting to resolve their discovery disputes without the court's intervention, and need an opportunity to engage in further good-faith negotiation. Both sides have agreed to review their discovery responses and provide supplemental responses if appropriate. Finally, counsel for Plaintiff has indicated he intends to submit an offer to settle this case. The process for the United States to review and decide whether or not to accept an offer is time consuming.

1    The joint motion initially advised the court that the parties intended to have a second meet-and-confer session on November 24, 2015. However, counsel for the United States indicated this did not occur. The deadline for designating expert witnesses expired November 24, 2015, and neither side disclosed experts. The United States does not know when Mr. Ord intends to make an offer. The United States expects to receive responses to supplemental discovery it served sometime next week, and may supplement its own discovery responses by next week.

The court set this matter for hearing because it appeared unlikely the parties will be able to comply with their proposed May 19, 2016, extended discovery cutoff given their unresolved discovery disputes, and the amount of discovery that remains. Additionally, this motion was filed four days before the deadline to designate experts, not twenty-one days before the expiration of the deadline as required by LR 26-4. Finally, the parties did not comply with the requirements of LR 26-4 by specifying the discovery completed to date, providing a specific description of the discovery that remains to be completed, or a proposed schedule for completing all remaining discovery other than requesting a 120-day further extension.

The court will approve the parties' request for a 120-day extension of the existing discovery cutoff, but deny the request for an extension of the deadline to designate experts. The court will also impose a deadline for the parties to complete their meet-and-confer process to either resolve their discovery disputes without court intervention, or present them to the court for a decision in a reasonable period of time to ensure the May 19, 2016, extended discovery cutoff is a viable deadline.

**IT IS ORDERED** that:

1. The parties Joint Motion for Extension of Pretrial Deadlines (Second Joint Request) (Dkt. #24) is **GRANTED in part** and **DENIED in part**. The motion is **GRANTED** to the extent that the discovery cutoff is extended until **May 19, 2016**, the deadline for filing dispositive motion is extended until **June 10, 2016**, and the deadline for filing the joint pretrial order is extended until **July 12, 2016**.

2. In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after a decision of the dispositive motions.

3. The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the pretrial order.

4. The parties' request for an extension of the deadline to designate experts and rebuttal experts is **DENIED**.

5. The parties shall have until **December 18, 2015**, to complete the meet-and-confer process to determine whether they have resolved their discovery disputes or have reached an impasse.

6. The parties shall have until **January 8, 2016**, to file a joint status report identifying any discovery disputes that the parties were unable to resolve without court intervention.  The parties shall be required to meet and confer sufficiently in advance to prepare a **joint** status report which articulates any discovery disputes and the parties' positions regarding those disputes with sufficient specificity to allow the court to resolve them without the need for further formal briefing.  If the parties have been able to resolve their disputes without court intervention, the parties' joint status report should so indicate and the hearing will be automatically vacated.

7. A status and dispute resolution hearing is set for **January 19, 2016, at 9:30 a.m.**

DATED this 3rd day of December, 2015.

PEGGY A. LEEN  
UNITED STATES MAGISTRATE JUDGE