UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THEODORE LEE, | Case No. 2:14-cv-00606-RCJ-PAL |
| Plaintiff, | ORDER |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

The court conducted a status and dispute resolution conference on May 31, 2016. Mark Bailus appeared in person, and Edward Ord appeared telephonically on behalf of the Plaintiff. Jeremy Hendon and E. Carmen Ramirez appeared on behalf of the Defendant. The parties submitted a 37-page Joint Statement on Discovery Issues (Dkt. #38) May 20, 2016. Attached to the joint statement was Plaintiff's 71-page memorandum of points and authorities in support of Plaintiff's motion to compel the United States to comply with discovery, an index of the United States' attachments and exhibits, and attached exhibits and declarations. After the hearing, counsel for Plaintiff submitted a Supplement (Dkt. #40) to the status report addressing a question the court asked at the hearing. This triggered a Motion to File a Response to Plaintiff's Supplementation by the United States (Dkt. #41) and an Opposition (Dkt. 43).

**BACKGROUND**

**I.     The Complaint.**

The Complaint (Dkt. #1) in this case was filed on April 21, 2014. It is an action to recover an income tax refund for calendar year 2006, which Plaintiff alleges was, in part, illegally and erroneously assessed and collected. Complaint (Dkt. #1), ¶8. Plaintiff filed a claim for a refund with the Internal Revenue Service on May 21, 2011. *Id.* ¶9. A copy of the claim for refund is attached as Exhibit A to the complaint and incorporated by reference. *Id.* ¶¶ 10, 11. The

1  Defendant did not act on the claim for refund or issue a formal notice of disallowance within six
2  months of the filing of the claim for refund. *Id.* ¶¶12, 13.  The Defendant subsequently audited
3  the Plaintiff's 2006 income tax return. *Id.* ¶14.  During the audit, the Defendant issued a series
4  of IRS summonses and one Section 982 demand for record production for tax year 2006. *Id.*
5  ¶15.
6        The IRS subsequently brought a civil action to enforce one summons in this district,
7  *United States v. Lee*, Case No. 2:12-cv-01994-GMN-PAL.  Lee also filed a civil action to quash
8  the Section 982 demand, *Lee v. United States*, 2:13-cv-00483-JAD-PAL. *Id.* ¶16.  At the time
9  the complaint was filed, both actions were pending, but have now been dismissed.
10        The prayer for relief requests an order consolidating the two earlier-filed civil actions
11  with this one, an order to exclude and/or suppress all information and records obtained via the
12  two administrative processes "as part of deciding the merits of the Plaintiff's refund claim for
13  2006."  It also requests a final judgment for $55,370 for income tax paid for calendar year 2006,
14  interest as required by law, and any orders in law or in equity the court deems appropriate as well
15  as reasonable legal fees incurred at the administrative level and in this civil action and costs of
16  this suit.
17  **II.    Answer and Counterclaim.**
18        The United States filed an Answer and Counterclaim (Dkt. #10) on June 23, 2014.  The
19  United States asserted defenses including that if the court determines that Plaintiff raised a
20  meritorious argument that would establish he overpaid his taxes for the 2006 tax year, the United
21  States is entitled to reduce the overpayment based on additional tax liabilities that Lee may owe,
22  whether or not previously assessed or alleged. *Id.* Defenses, ¶B.  This is based on the United
23  States' citation to 26 U.S.C. § 6402(a) and two cases cited in the answer and counterclaim
24  supporting its position that the United States is entitled to reduction because redetermination of
25  Lee's entire federal tax liability for the litigated tax years is at issue in a refund suit. *Id.*  The
26  United States also defends Lee's refund by asserting that the IRS may apply any refund the court
27  determines is owed against other liabilities owed by Lee, including, but not limited to, any other
28  federal tax liability as provided for in 21 U.S.C. § 6402. *Id.* ¶C.

2

A counterclaim was asserted pursuant to 26 U.S.C. § 7401. The counterclaim asserts that Lee filed his federal income tax return form 1040 for the tax year ending December 31, 2006, in 2010. *Id.* ¶5. On September 6, 2010, Lee was assessed a civil penalty under U.S.C. § 6651(a) for failing to pay the federal income tax due for the tax year ending December 31, 2006, in the amount of $6,679.17. *Id.* ¶7. Lee was also assessed statutory interest under 26 U.S.C. §§ 6601, 6621 and 6622 for interest calculated up to September 6, 2010, in the amount of $8,795.33. *Id.* Statutory interest continues to accrue and compound daily until the balance is paid in full. *Id.* Despite notice and demand for payment, Lee has not paid the amounts assessed for statutory penalty and interest. *Id.* At the time the counterclaim was filed, the assessments owed were $20,717.58, plus statutory interest and "other additions running from June 23, 2014, as provided by law." *Id.* ¶10.

**III.    The Parties' Discovery Disputes.**

Lee seeks an order compelling the United States to provide full and complete answers to interrogatories and responses to requests for production of documents. He asserts the United States has provided non-responsive answers and asserted improper objections to certain of his requests. He argues that the United States is impermissibly trying to limit responses to the issue as to whether the $155,098 payment Lee received in tax year 2006 was a gift or gross income rather than responding to the discovery on defenses raised in the United States' answer. Lee maintains the United States also improperly: 1) objected to providing certain discovery on the basis that this case is a *de novo* proceeding; 2) withheld documents on the basis of executive privilege or government deliberative privilege, attorney-client privilege and work product doctrine; 3) refused to disclose the identity and/or service address for certain government employees; and 4) is preventing Lee from deposing these individuals before the discovery cutoff.

The United States seeks an order compelling Lee to appear for a deposition in this case. It also seeks a protective order: 1) barring Lee from calling James Chen and Phoebe Ma unless they are deposed; and 2) barring the deposition of IRS attorney Lindsey Stillwagon, and IRS employees Joe Smith, Michael Chen, and Ning Li.

**DISCUSSION**

Proceedings in this case have been substantially delayed by Mr. Ord's significant health issues. The pretrial deadlines have been extended, and multiple stipulations resetting the status conference to resolve the parties' discovery disputes were granted. On December 21, 2015, the court granted the parties' request to extend the discovery plan and scheduling order deadlines, and gave the parties until February 19, 2016, to file a joint status report identifying any discovery disputes the parties were unable to resolve without court intervention. The court's oral direction at the hearing was that the parties should submit a joint status report articulating their positions with enough specificity that the disputes could be resolved based on the joint status report without the necessity of formal motions, responses and replies. However, rather than comply with this direction, the parties submitted a 37-page status report, and Lee attached an additional 71-page brief accompanying the status report. The United States seeks leave to supplement because it did not know until the 11th hour before the status report was due that counsel for Lee would attach a memorandum of points and authorities. The court has thoroughly reviewed and considered the status report, Plaintiff' memorandum, the exhibits, declarations and considered the arguments of counsel at the hearing. Supplemental briefs are not required and will not be allowed.

The court lacks the time or resources to comprehensively detail all of the parties' disputes and arguments in the more than 150 pages of papers submitted in connection with this matter. However, the court will briefly summarize and resolve the disputes.

During oral argument at the hearing, counsel for Lee indicated that he did not object to having his client deposed. However, he insisted that any transcripts of prior interviews or examinations with the IRS be produced before he was deposed. Two interviews/examinations occurred in 2008, and another one in 2013. Counsel for Lee believed the interviews/examinations were tape recorded and/or transcribed. He fears the United States will attempt to impeach his client with statements that have not been produced. Counsel for the government responded that there were no transcripts of the 2008 interviews. At oral argument counsel for the Unites States advised the court that counsel for Lee hired a court reporter who

reported the 2013 proceeding. Both sides have the court-reporter's transcript of that proceeding. Counsel for Lee believed that the 2008 proceedings were tape-recorded. However, the United States has no record of any recording, and has looked for and cannot find any such recording. Counsel for the United States advised the court that if the IRS intended to tape record an interview it would so advise the taxpayer in a letter in advance of the interview. No letter was sent to Mr. Lee before the interviews informing him that recordings would be made. The court found these representations credible and is satisfied that the 2008 interviews were not tape recorded or transcribed. However, having affirmatively represented that no such recordings or transcripts exist for the 2008 interviews the United States will be precluded from using any recordings or transcripts, or documents purporting to summarize Lee's statements that have not been timely produced at deposition, in motion practice or at trial.

Lee's position is that notes taken by the attorneys who were present during the interviews qualify as transcripts pursuant to IRS regulation. The United States takes the position that the attorneys' notes contain mental impressions and thought processes of the attorneys and are therefore privileged. Counsel for the United States also points out that Lee was represented during the interviews by one or more counsel who know what was said as well as government counsel. Attorney notes are classic examples of attorney work product and the court will not compel their production especially where, as here, Lee was represented by counsel who were present and had the ability to take their own notes. Lee has not shown substantial need for the notes, and the court will not order them produced.

Lee disclosed James Chen and Phoebe Ma as witnesses who will testify at trial that certain payments Lee received in 2006 were gifts rather than income. Both witnesses reside in Hong Kong and have been unwilling to cooperate with efforts to have their depositions taken before the discovery cutoff. However, counsel for Lee has advised the government that both witnesses are expected to attend the trial and testify. The United States seeks an order barring their testimony at trial unless the witnesses make themselves available for deposition by video or telephonically before the discovery cutoff. Lee responds that he has no control over the witnesses who do not wish to be inconvenienced with providing deposition testimony. The

United States asserts that while Lee may not control Chen and Ma, it would be inequitable to permit them to testify if they are unwilling to be deposed, as the United States will have no opportunity to learn what they have to say or to conduct any follow up discovery. Counsel for the United States has been unsuccessful in attempts to obtain the cooperation of these two witnesses to appear for deposition here or abroad. The United States has not attempted to use available compulsory process asserting, that as a practical matter, the witnesses must cooperate and have not. Lee expects both witnesses to testify but runs the risk they will not appear. In the absence of any evidence that Lee is interfering with or discouraging the witnesses from cooperating with the United States' efforts to interview or depose them the court will not bar their testimony. If, and when, the witnesses appear in the United States the court will allow them to be deposed before trial and consider any request the United States has for follow up discovery.

The United States seeks a protective order barring Plaintiff from taking the deposition of IRS attorney Lindsey Stillwagon, and IRS employees involved in Mr. Lee's income tax returns for the years 1999 through 2006. The government's opposition is supported by multiple declarations attesting to the role of the attorney and each individual IRS employee involving Mr. Lee's returns. Lee also seeks discovery of activities of the Department of Homeland Security. Lee was sent a letter from IRS Revenue Officer Joe Smith October 17, 2015, advising him that the IRS had notified the Department of Homeland Security that he owed federal income tax plus penalties and interest for certain tax years identified in an attachment to the letter. The letter advised Mr. Lee that if he returned to the United States or commonwealth territories and had not yet paid the total amount due, he may be interviewed by customs and border protection officers, and that the IRS would be advised of his arrival and provided with information enabling the IRS to contact him in the United States or commonwealth territories. The letter also advised that a revenue officer may then contact Lee regarding payment of outstanding liabilities, and that if he had questions about his account or the notification process to call a a telephone number provided or write to the address provided. Counsel for Lee responded to the letter and now wants discovery into the activities of the Department of Homeland Security and other governmental agencies asserting its conduct is relevant to the court's determination of this lawsuit.

1    The United States seeks a protective order precluding this discovery, as well as broad discovery Lee has requested concerning the IRS's examination of Lee's tax returns for 1999 through 2005 tax years and other matters not at issue in this suit. The United States argues that this case will be decided *de novo* by the district judge. Therefore, the determinations by the IRS at the administrative level are irrelevant, and should not be discoverable. The United States reasons that the district judge will decide whether the amounts Lee initially reported as income, and then claimed were gifts, are taxable income or non-taxable gifts, and if so, the tax consequences of that determination. In this case, the only issue is whether or not a $155,098 payment that Lee received in 2006, was taxable as income or a gift. The payment was from a foreign entity controlled by James Chen, for whom Lee had worked for several years. Lee initially reported the payment on his tax return as income, now contends that the payment was a gift, and is requesting a refund for the amount of taxes he paid in the amount of $55,370 which Lee claims he overpaid in taxes, plus any interest that may be due.

The United States also contends the discovery is not relevant to its counterclaim which centers on the fact that Plaintiff did not file his 2006 return, or pay associated taxes until 2010. When the return was filed, the IRS assessed a penalty and interest against him and asserted a counterclaim to reduce those penalty assessments, plus interest, to judgment. The only facts relevant to the counterclaim are whether Plaintiff filed the return and made the payment late, and if so, whether he can show reasonable cause for his delay. The penalties and interest for late filing are statutory and not discretionary.

Lee responds that he filed his 2006 tax return in 2010, consistent with positions taken by the IRS in connection with its examination of his returns for the tax years 2000 through 2005, and notice of deficiency, with the proviso that it was not an admission the tax was owed and he would later file a tax refund. He intends to seek suppression of any evidence obtained by summons and records demanded by the U.S. under Section 982 in connection with the two lawsuits that were filed in this district that have now been dismissed. Lee argues the IRS engaged in unfair practices to collect taxes for the 2000 to 2005 time period, and improperly notified Homeland Security which caused him to be detained at the border on a number of

7

occasions. He maintains that this refund suit involves the same issues and facts as those issues involved in the 2000 through 2005 audit of his returns, that is, whether the payments he reported were gifts or income. He seeks discovery for the periods between 1999 and 2006 about the examination, investigation and persons involved in his tax assessments and returns to show reasonable cause for his delay in filing his 2006 return. He also seeks suppression of documents and records the IRS obtained during the administrative process and/or in the two actions filed in this court that have now been dismissed.

The court finds that the discovery Lee seeks is disproportional to what is at issue, and will therefore preclude Lee from obtaining the broad discovery he seeks applying Rule 26(b)(2)(C). Rule 26 of the Fed. R. Civ. P. permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Discovery is not limited to admissible information. *Id*. However, "[a]ll discovery is subject to the limitations imposed by Rule 26(b)(2)(C)." The 2015 amendments to Rule 26(b)(1) emphasize the need to impose "reasonable limitations on discovery through increased reliance on the common-sense concept of proportionality." *See, Chief Justice Robert's 2015 Year-End Report on the Federal Judiciary (December 31, 2015), available at http://supremecourt.gov/publicinfo/year-end/2015year-endreport*.

Lee's complaint raises a discreet issue of whether he is entitled to a tax refund for the 2006 tax year. The amount in dispute in this case is roughly $55,000 with interest if Lee prevails. It is undisputed that Lee filed his 2006 income tax return in 2010. It is undisputed that Lee listed a $155,098 payment he received in 2006 from an entity controlled by James Chen as taxable income. It is undisputed that Lee now seeks a refund, claiming that, although he listed the payment as taxable income, it was actually a gift. He seeks a refund in the amount of taxes paid on the $155,098 payment, in the amount of $55,370 plus any interest. He claims that he reported the $155,098 payment as income consistent with the IRS's determinations in connection with its examination and audit of his income tax returns for the years 2000 to 2005, but always intended to challenge its decisions that certain payments were taxable income rather than gifts. He also seems to argue IRS conduct in connection with his 2000-2005 returns constitutes reasonable

cause for his late filing of his 2006 return as a defense to statutory penalty and interest assessments.

Lee's complaint in this case also seeks to "suppress" records and evidence obtained in connection with IRS examinations of his 2006 tax return. He seems to argue the United States should not be permitted to use records and information obtained through summonses and a formal document request that were litigated in two earlier actions filed in this district. As indicated, the IRS filed a motion to enforce its summons in this district, *United States v. Lee*, Case No. 2:12-cv-01994-GMN-PAL. Lee also filed a civil action to quash a Section 982 demand from the IRS involving Lee's 2006 tax return. It was originally filed in the Northern District of California but transferred here, *Lee v. United States*, 2:13-cv-00483-JAD-PAL. In the current complaint, Lee seeks to suppress evidence the United States obtained in connection with its examination of his 2006 return and requests for documents and evidence both from Lee and other entities at issue in both of these cases. Both of those lawsuits have now been dismissed by the two district judges assigned to those cases. Lee resisted dismissal of both cases, and asked that those actions remain pending and consolidated with this case before this tax refund case was filed.

In *United States v. Lee*, 2:12-cv-01994-GMN-PAL, the district judge found that, because Lee had responded to the IRS summons and provided the information the United States sought, and the United States sought no further relief from the court, "there is nothing further to prosecute, and dismissal is appropriate." *See* Order (Dkt. #61). Lee filed a motion for reconsideration arguing that, although he complied with the IRS summons and provided all the requested information, he did so under protest and did not waive his right to challenge the enforcement of the IRS summons. The court found that when Lee voluntarily complied with the IRS summons, he waived his right to challenge the summons which rendered the case moot. She found that Lee had failed to present new evidence to show that the court committed clear error in its prior order, and therefore denied the motion for reconsideration. *See* Order (Dkt. #67).

In *Lee v. United States*, 2:13-cv-00483-JAD-VCF, the district judge adopted my report of findings and recommendation finding the action was moot because Lee complied with the formal

9

1  document request he initially sought to quash.  She rejected Lee's arguments that he did not
2  produce the documents voluntarily because he was compelled to produce them.  She found that
3  because Section 982 is not self-enforcing, and Lee had the ability to challenge the document
4  request on the merits in the case to determine the validity of the formal document request without
5  risking having unproduced documents excluded from a later civil action, his voluntary
6  production of the documents rendered the parties' disputes moot.  She therefore dismissed the
7  case.

8  Much of the discovery Lee seeks is devoted to advancing his arguments that documents
9  and evidence he produced to the IRS in connection with the two prior lawsuits should be
10 "suppressed."  However, both lawsuits have been dismissed, and both district judges concluded
11 that any disputes between Lee and the IRS concerning the documents Lee eventually produced
12 pursuant to summons and formal document request were moot because Lee could have
13 challenged the propriety of the IRS processes but chose to resolve the disputes through
14 negotiation and production to the United States.  The United States was satisfied with what Lee
15 produced and there was nothing more for the court to resolve. Lee appealed Judge Navarro's
16 order dismissing the United States' lawsuit, but did not appeal Judge Dorsey's order dismissing
17 his own lawsuit.  Additionally, Lee's disputes with the IRS about his 2000-2005 tax returns are
18 in litigation before the Tax Court.

19 The court finds that the discovery Lee seeks is simply not relevant or proportional to his
20 current action seeking a tax refund for the 2006 tax year. The district judge will decide that issue
21 *de novo*.  The IRS's determination about whether the payment was a gift or taxable income is
22 simply not relevant.  It is the court's determination about the nature of the payment that controls
23 in this refund action.  Lee is pursuing relief concerning his 2000 to 2005 tax years in the Tax
24 Court.  Those years are simply not in dispute in this case.  However, the United States may not
25 resist discovery and later use documents or evidence it has not timely produced in motion
26 practice or at trial. The United States will be precluded from using any witness or documents not
27 timely disclosed in discovery for any purpose except impeachment.

28 Having reviewed and considered the matter,

**IT IS ORDERED** that:

1. Lee shall appear for a deposition no later than July 15. 2016.  The parties shall meet and confer to set the deposition on a mutually agreeable date and time.
2. The United States' request for a protective order that it need not produce IRS attorney Lindsey Stillwagon, or IRS employees Joe Smith, Michael Chen, or Ning Li for deposition in this case is **GRANTED.**
3. The United States' request to bar Lee from calling James Chen and Phoebe Ma as witnesses at trial unless they are deposed before the discovery cutoff is **DENIED**.
4. Lee's request to compel the United States to produce attorney notes is **DENIED**.
5. Lee's requests to compel the United States to produce discovery concerning the Department of Homeland Security is **DENIED**.
6. The United States' request to compel Lee to supplement Responses to Requests for Production of Documents and Interrogatories is **DENIED**.
7. Lee's request to compel the United States to supplement Answers to Interrogatories and Requests for Production of Documents is **DENIED**.
8. Neither party will be permitted to call any witness or use any document not timely produced in motion practice or at trial except for impeachment.
9. Any request for relief by either side not specifically addressed in this order is **DENIED**.
10. The Motion for Leave to File Response (Dkt. #41) is **DENIED**.

DATED this 9th day of June, 2016.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE