UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THEODORE LEE,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | 2:14-cv-0606-RCJ-PAL<br><br>**ORDER** |

This is an action to recover income taxes paid in 2006. Pending before the Court is a Motion to Reconsider the Magistrate Judge's Order under Rule 72(a) (ECF No. 51). For the reasons given herein, the Court denies the motion.

**I.  FACTS AND PROCEDURAL HISTORY**

Plaintiff Theodore Lee alleges that he paid in full the income taxes due on a 2006 income tax return he filed but that the assessed taxes were "in part, illegally and erroneously assessed and collected." (Compl. ¶¶ 7–8, ECF No. 1). On May 21, 2011, Plaintiff filed a claim for a refund with the Internal Revenue Service ("IRS"), which he has attached and incorporated into his Complaint. (*Id.* ¶ 9–11). Plaintiff alleges that Defendant has not acted on his claim for a refund and did not issue a formal notice of disallowance within six months of the claim's filing. (*Id.* ¶¶ 12–13). Later, Defendant audited Plaintiff's 2006 income tax return and issued a series of

IRS summonses and one section 982 demand for record production for the tax year 2006. (*Id.* ¶¶ 14–15). The IRS brought a civil action to enforce one of the summonses in this district, *see United States v. Lee*, No. 2:12-cv-01994-GMN-PAL, and Plaintiff filed a case to quash the section 982 demand, *see Lee v. United States*, 2:13-cv-00483-GMN-PAL. Both actions have since been dismissed.

The Complaint asks the Court to (1) "exclude, and/or suppress all information and records obtained via these two administrative processes as part of deciding the merits of the Plaintiff's refund claim for 2006"; (2) enter a judgment refunding to Plaintiff $55,370 in income taxes paid for the year 2006; and (3) require payment of interest on the amount to be refunded. (Compl., 3). Defendant answered the Complaint and made a counterclaim asking the Court to require Plaintiff to pay $20,717.58 plus interest for failing to pay civil penalties and interest assessed against Plaintiff for the tax year 2006. (Answer/Countercl., 5–6, ECF No. 10). On June 9, 2016, the Magistrate Judge entered an order addressing various requests primarily related to discovery. (Order, ECF No. 44). Plaintiff filed objections under Rule 72(a) to five portions of the order.

## II. LEGAL STANDARDS

Rule 72(a) permits a district court judge to modify or set aside a magistrate judge's non-dispositive ruling that is clearly erroneous or contrary to law:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a); *see also* Local R. IB 3-1(a). Rule 72(a) institutes an abuse-of-discretion-type standard. *See Grimes v. City and Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United States v. BNS Inc.*, 858 F.2d 456, 464 (9th Cir. 1988) ("We still must determine, however, whether the court abused its discretion in issuing its order based on the facts before it which are supported by the record. Under the abuse of discretion standard, we cannot simply substitute our judgment for that of the district court, but must be left with the definite and firm conviction that the court committed a clear error of judgment in reaching its conclusion after weighing the relevant factors.")).

### III.   ANALYSIS

#### A.   Objection 1—Plaintiff's Deposition

The Magistrate Judge ordered Plaintiff to appear for a deposition no later than July 15, 2016. She noted that during oral argument Plaintiff's counsel indicated that he did not object to having his client deposed, although he insisted that Defendant produce the transcripts of prior interviews or examinations before a deposition occurs. The Magistrate Judge found that interviews done in 2008 were not tape recorded or transcribed, and she refused to compel the production of notes taken by Defendant's attorneys during the examinations because they are attorney work product.

Plaintiff argues that Defendant should not be allowed to depose him because it already deposed him in the two prior cases that have been dismissed, which were based on the same claims and facts as this case. Plaintiff cites no relevant authority to support his argument that he cannot be deposed twice. Federal Rule of Civil Procedure 30(a)(2)(A)(ii) states that if "the deponent has already been deposed in the case," then a party must obtain leave of the court to perform another deposition. Plaintiff does not argue that he has been deposed in this case, only in

prior cases. Even if he had been deposed in this case, Rule 30(a)(2)(A)(ii) does not prohibit a second deposition from occurring; in fact, it explicitly authorizes a second deposition with the court's approval. Furthermore, the Magistrate Judge characterized Defendant's prior questioning of Plaintiff as "interviews" or "examinations," not depositions. Defendant also makes strong arguments that this case and prior cases are not related and that the prior questioning was an IRS examination pursuant to 26 U.S.C. § 7602, which is not a deposition but a meeting to gather information to investigate and resolve issues. (*See* Resp., 5–6, ECF NO. 52). Even if Defendant did depose Plaintiff in the prior cases, and if it were required to obtain leave, Defendant properly obtained leave from the Magistrate Judge to perform another deposition under Rule 30(a)(2)(A)(ii).

Plaintiff also argues that under Federal Rule of Civil Procedure 26(b)(1) the requested deposition is not "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Plaintiff offers no convincing argument as to why the proportionality requirement of Rule 26 should prevent Defendant from deposing Plaintiff. Plaintiff has not shown that the Magistrate Judge committed clear error.

**B.     Objection 2—Attorney Notes**

The Magistrate Judge denied Plaintiff's request to require Defendant to produce notes that IRS attorney Lindsay Stellwagen recorded during the prior interviews with Plaintiff. The Magistrate Judge found that the notes "are classic examples of attorney work product," and she chose not to compel production of the notes "especially where, as here, Lee was represented by counsel who were present and had the ability to take their own notes." (Order, 5, ECF No. 44). The Magistrate Judge also determined that "Lee has not shown substantial need for the notes, and the court will not order them produced." (*Id.*). Finally, the Magistrate Judge concluded that

because Defendant represented that no recordings or transcripts exist for the 2008 interviews with Plaintiff, Defendant "will be precluded from using any recordings or transcripts, or documents purporting to summarize Lee's statement that have not been timely produced at deposition, in motion practice or at trial." (*Id.*).

Plaintiff makes several objections to these findings and rulings, but they fail to address the Magistrate Judge's finding that Plaintiff has not shown substantial need for the notes. Stellwagen declares that "[t]he interview concerned Mr. Lee's creation of offshore entities, opening of foreign financial accounts, and other offshore transactions. It did not concern the later examination of Mr. Lee's 2006 income tax return." (Decl. Stellwagen, ¶ 10, ECF No. 38-4). Plaintiff has not identified any evidence that disputes Stellwagen's assertion. The Magistrate Judge found that the only issue in this case "is whether or not a $155,098 payment that Lee received in 2006 . . . was taxable as income or a gift." (Order, 7, ECF No. 44). If the only issue involves the 2006 payment, then the prior questioning, which is unrelated to this issue, is not relevant or needed. Plaintiff argues that he needs the notes because they were used to question him in a 2006 deposition, but the notes would not have been used to address any issue relevant to this case. Furthermore, Plaintiff faces no prejudice because Defendant will not be allowed to use any statements made during the interview for impeachment or other purposes unless they are "timely produced at deposition, in motion practice or at trial." (Order, 5).

Plaintiff argues that Stellwagen acted as an investigator, not just counsel, and that Defendant waived the work product doctrine by using the notes as part of Plaintiff's 2006 deposition. These arguments are unavailing because, again, the notes are not relevant to Plaintiff's claims in this case. Plaintiff also argues that the Magistrate Judge committed clear error by choosing not to conduct an in-camera review of Stellwagen's notes. Plaintiff provides

no legal authority to support his position. Plaintiff's counsel states that "IRS Counsel Stellwagen appeared to be taking detailed notes of the questions and statements of Lee," (Decl. Edward O.C. Ord, ¶ 11, ECF No. 51-1), but the Magistrate Judge reasonably relied on Defendant's representation that the attorney notes contained mental impressions and the thought processes of the attorneys, (*see also* Decl. Stellwagen, ¶ 11). Plaintiff has not shown that the Magistrate Judge committed clear error by not conducting an in-camera review of the notes.

Finally, Plaintiff argues that Defendant waived its privilege not to produce notes regarding an audit of prior tax years by filing a defense and counterclaim for unreported income in other years. As Defendant argues, it has not put at issue the amounts of years other than 2006. One of Defendant's defenses is that if Plaintiff establishes that he overpaid his taxes in 2006, then Defendant is entitled to reduce the overpayment by any other tax liability that Plaintiff may owe. (Answer, ¶ B, ECF No. 10, at 4). Defendant asserts that any liability it seeks to enforce would be limited to underpayment for 2006 alone and that it would comply with any discovery obligations related to such underpayment. (Resp., 8, ECF No. 52). Another defense states that if Plaintiff is entitled to a refund, then Defendant may apply that amount against other liabilities Plaintiff owes under 26 U.S.C. § 6402. (Answer, ¶ C). As Defendant argues, this defense does not affect the merits of Plaintiff's claim and cannot be calculated until the time of judgment.

Plaintiff has not shown that the Magistrate Judge committed clear error.

### C. Objection 3—Discovery Requests

The Magistrate Judge denied Plaintiff's request for discovery designed to advance his argument that documents and evidence he produced to the IRS in connection with the two prior lawsuits should be suppressed. Plaintiff argues that deposing IRS officials would allow him to

prove harassment and, thus, require the suppression of the evidence from the prior lawsuits. In denying Plaintiff's request, the Magistrate Judge noted:

> both lawsuits have been dismissed, and both district judges concluded that any disputes between Lee and the IRS concerning the documents Lee eventually produced pursuant to summons and formal document request were moot because Lee could have challenged the propriety of the IRS processes but chose to resolve the disputes through negotiation and production to the United States.

(Order, 10, ECF No. 44). Plaintiff points to a number of cases (mostly non-binding) to support his argument that he has a right to move to suppress evidence obtained through the enforcement of the summons. Specifically, he cites *Donaldson v. U.S.*, 400 U.S. 517, 531 (1971) and *Garrett v. U.S.*, 511 F.2d 1037, 1038 (9th Cir. 1975). However, these cases do not show the Magistrate Judge erred. *Donaldson* and *Garrett* address a taxpayer's ability to intervene in an action by the IRS seeking to enforce a summons on a third party. Here, Plaintiff does not seek to suppress evidence obtained from a third party; he seeks to suppress evidence obtained from himself. Furthermore, as the Magistrate Judge noted, Plaintiff voluntarily complied with the summons and chose to resolve the disputes through negotiation and production rather than challenge the enforcement of the summons. The Magistrate Judge did not clearly error in denying Plaintiff's request for discovery to advance his suppression argument.

     The Magistrate Judge also granted Defendant's request for a protective order barring Plaintiff from taking depositions of IRS counsel Lindsay Stellwagen and three IRS employees. The Magistrate Judge concluded that the discovery Plaintiff seeks is disproportional to what is at issue in the case and that "[t]he IRS's determination about whether the payment was a gift or taxable income is simply not relevant." (Order, 10, ECF No. 44). Plaintiff argues that "[t]hese personnel have either knowledge of the offsets of unreported income or can give evidence to support suppression." (Mot., 11, ECF No. 51). Plaintiff provides no facts, evidence, or legal

authority to support this argument, and the Court has already addressed his arguments regarding suppression. Plaintiff has failed to show the Magistrate Judge committed clear error in granting Defendant's request for a protective order.

### D. Objection 4—Deposition of Witnesses Chen and Ma

Plaintiff disclosed James Chen and Phoebe Ma as witnesses who will testify at trial. However, both Chen and Ma live in Hong Kong and are unwilling to have their depositions taken before the discovery cutoff. The Magistrate Judge denied Defendant's request to bar their testimonies at trial but stated that "[i]f, and when, the witnesses appear in the United States the court will allow them to be deposed before trial and consider any request the United States has for follow up discovery." (Order, 6, ECF No. 44).

Plaintiff objects because the Magistrate Judge did not require the potential depositions of Chen and Ma to occur before the discovery cutoff date. The Court agrees with Defendant that the Magistrate Judge carefully balanced the interests of the parties by denying Defendant's request to bar the witnesses while leaving a door open for additional discovery if the witnesses appear in the United States. Not allowing the witnesses to testify could prejudice Plaintiff, whereas Defendant would be prejudiced if the witnesses are allowed to testify without giving Defendant an opportunity to depose them and assess their credibility before trial. In addition, Plaintiff does not argue that the Magistrate Judge does not have discretion to alter the scheduling order or to adapt to unique circumstances as they unfold. The Magistrate Judge did not commit clear error.

### E. Objection 5—Additional Discovery Requests

Plaintiff objects to the Magistrate Judge's denial of his request for discovery regarding the IRS's investigations of years prior to 2006. He argues that Defendant might seek to reduce his tax liability based on underpayments for other years. As discussed above, Defendant has not

put at issue the amounts of years other than 2006. Plaintiff also objects to the denial of discovery regarding unreported income and exculpatory evidence. As discussed above, the Magistrate Judge did not commit clear error in determining that these issues are not relevant or proportional to the needs of the case.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Reconsider the Magistrate Judge's Order (ECF No. 51) is DENIED.

IT IS FURTHER ORDERED that the Motion for Leave to File a Reply (ECF No. 53) is DENIED.

IT IS FURTHER ORDERED that the Motion for Leave to File Excess Pages for Reply (No. 54) is DENIED.

IT IS SO ORDERED.

DATED: This 29th day of August, 2016.

_____
ROBERT C. JONES
United States District Judge