**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THEODORE LEE,<br><br>        Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | 2:14-cv-00606-RJC-PAL<br><br>**ORDER** |

This is an action to recover income taxes paid for tax year 2006. Pending before the Court are Plaintiff's Motion for Summary Judgment, (ECF No. 58), Defendant's Motion to Strike the Declaration of Edward Ord, (ECF No. 60), Defendant's Motion to Strike the Declaration of Theodore Lee, (ECF No. 67), and Defendant's Motion for Leave to File a Response to Lee's Request to Strike Defendant's Response to ECF No. 62, (ECF No. 70). For the reasons given herein, the Court denies the Motion for Summary Judgment and denies the remaining motions as moot.

**I.  FACTS AND PROCEDURAL HISTORY**

When it came time to pay federal income taxes for the year 2006, Plaintiff Theodore Lee was being audited by the Internal Revenue Service for returns he had filed for 1999 through 2005. (Mot. Summ. J. 3–4, ECF No. 58.) As a result of the audit, Lee chose not to file a tax return for 2006 when it came due, deferring its filing until April 2010. (Resp. 3–4, ECF No. 59.)

Lee justifies the delay by asserting he had a legitimate fear of criminal prosecution in the event his 2006 return were inconsistent with the IRS's final determinations in auditing his returns for prior years. (Mot. Summ. J. 3–4.) Therefore, Lee argues he had to wait for the IRS to conclude its audit before filing his 2006 return, that he be able to conform his 2006 return to the results of the audit. (*Id.*)

Accordingly, in April 2010, Lee filed his 2006 income tax return. (*Id.* at 4.) Lee asserts that he adopted the IRS's positions from the audit in completing his 2006 return, reporting a $155,098 check ("the Check") from a former employer as income. (*Id.*; Resp. 3, ECF No. 59.) Through this lawsuit, Lee seeks to recover income taxes paid on the Check, arguing the Check should have been classified as a non-taxable gift, rather than taxable income.

In answering Lee's Complaint, the United States asserted a counterclaim for civil penalties and interest based on the late filing of Lee's 2006 return and late payment of his 2006 income taxes, pursuant to 28 U.S.C. § 6651(a). (Answer and Countercl. 5–6, ECF No. 10.) Currently, the United States claims an amount of approximately $24,000, "plus additional interest that may accrue until the balance is paid in full." (Resp. 4, ECF No. 59.)

Lee now moves for summary judgment on Defendant's counterclaim for civil penalties and interest, arguing that his decision to defer filing his 2006 income tax return is protected by the Fifth Amendment right not to be compelled to make self-incriminating statements. Accordingly, Lee contends that any civil penalty assessment is impermissible as a matter of law, because it would amount to an unconstitutional punishment for having invoked his Fifth Amendment right.

## II.    LEGAL STANDARDS

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court uses a burden-shifting scheme. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citation and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.

If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary

judgment by relying solely on conclusory allegations unsupported by facts. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50. Notably, facts are only viewed in the light most favorable to the non-moving party where there is a genuine dispute about those facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007). That is, even where the underlying claim contains a reasonableness test, where a party's evidence is so clearly contradicted by the record as a whole that no reasonable jury could believe it, "a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

**III.   ANALYSIS**

Delinquency penalties are imposed upon taxpayers pursuant to 26 U.S.C. § 6651(a)(1) for failure to timely file income tax returns and pursuant to 26 U.S.C. § 6651(a)(2) for failure to pay the proper tax due on a return, "unless it is shown that such failure is due to reasonable cause and not due to willful neglect." 26 U.S.C. § 6651(a). The burden of establishing reasonable cause and lack of willful neglect is on the taxpayer. *See Welch v. Helvering*, 290 U.S. 111, 114 (1933); *Sanderling v. Commissioner*, 66 T.C. 743, 757 (1976).

In general, "taxpayers cannot rely upon the Fifth Amendment to justify a complete failure to file." *United States v. Neff*, 615 F.2d 1235, 1239 (9th Cir. 1980) (citing *United States v. Sullivan*, 274 U.S. 259, 263–64 (1927)). A Fifth Amendment objection "may properly be raised

only in response to specific questions asked in the return." *Id.* at 1238 (citing *Garner v. United States*, 501 F.2d 228, 252 n. 18 (9th Cir. 1972), *aff'd*, 424 U.S. 648 (1976). The Fifth Amendment grants a privilege against self-incrimination, and the mere act of filing an annual income tax return, which all taxpayers are generally required to file, has little "real and appreciable" tendency to incriminate the filer. *See id.* at 1239. The cases on which Lee relies in his motion brief—*Marchetti v. United States*, 390 U.S. 39 (1968), *Grosso v. United States*, 390 U.S. 62 (1968), and *United States v. United States Coin and Currency*, 401 U.S. 715 (1971)— provide scant support for his position. These cases related to the filing of specialized gambling tax forms, where the very act of filing such forms would have identified the taxpayers as participants in illegal activity. In contrast, there is very little risk that the mere filing of a standard yearly tax return would by itself suggest criminal wrongdoing on the part of the filer. Accordingly, as a preliminary matter, it may be difficult for Lee to prevail on his Fifth Amendment defense, due to his complete failure to file a timely tax return for 2006.

It is also a "well-established rule that a self-incrimination objection to an income tax return must be raised at the time of filing." *Neff*, 615 F.2d at 1238. Moreover, a Fifth Amendment objection "may properly be raised only in response to *specific questions* asked in the return." *Id.*; *see also Boday v. United States*, 759 F.2d 1472, 1474 (9th Cir. 1985) ("Taxpayers cannot make blanket fifth amendment claims, but must assert their privilege specifically.").

In support of his motion, Lee has proffered the declaration of his attorney Edward Ord. (Ord Decl., ECF No. 58-2.) Ord states that Lee deferred filing his 2006 return, on the advice of counsel, because he "feared that if he filed for 2006 inconsistently with the IRS's position with respect to prior years, he would be prosecuted." (*Id.* at ¶ 2.) Lee has also provided his own declaration—largely repetitive of Mr. Ord's—which he filed after the parties had fully briefed the instant summary judgment motion. (Lee Decl., ECF No. 66.) Lee asserts he was under audit

and investigation by the IRS when his 2006 return was due, and therefore legitimately believed he could be prosecuted if he filed his 2006 return prior to completion of the audit. The United States moves to strike both declarations, on the bases that the Ord Declaration was submitted by an undisclosed witness after the close of the discovery, and the Lee Declaration was untimely submitted after the close of briefing on the summary judgment motion. The United States also argues that there is no evidence Lee was being "investigated" by the IRS, only that some recent returns were being audited, and that Lee has changed his story with respect to his actual reasons for deferring the filing of his 2006 return.[1] (*See* Resp. 6–7, 9–10, ECF No. 59.)

Even if the Court were to accept the declarations proffered by Lee, it would nonetheless deny the motion for summary judgment. Lee has failed to adduce evidence to establish that he raised his Fifth Amendment objection at the time he filed his 2006 return, and failed to identify the specific questions on his 2006 return which he believed may incriminate him. There is also conflicting evidence regarding the extent of the IRS's investigation of Lee and Lee's true reasons for waiting to file. Therefore, there remain genuine issues of material fact, which preclude summary judgment, with respect to Lee's intent and the circumstances surrounding his decision to defer filing of his 2006 return. Without resolving these factual disputes, it is not possible to determine whether Lee may have validly exercised his Fifth Amendment privilege against self-incrimination.

/ / /

---

[1] In initial discovery responses, Lee attributed the delay in filing his 2006 return in part to "difficulty in getting records." (*See* Disc. Resps. of Dec. 7, 2015, ECF No. 38-20 at 9.) The interrogatory to which Lee was responding asked for identification of any defense Lee intended to raise against the imposition of civil penalties for late filing. In the same response, Lee further justified the delay by asserting the "general common practice" of awaiting the results of an audit prior to filing returns for subsequent years. In contrast, Lee did not identify his Fifth Amendment defense until he supplemented his interrogatory responses on the last day of discovery. (*See* Suppl. Disc. Resps. of Sept. 30, 2016, ECF No. 59-8 at 7–8.) This tends to belie Lee's assertion that his original intent in deferring filing was to invoke his Fifth Amendment rights.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 58) is DENIED.

IT IS FURTHER ORDERED that the Motion to Strike the Declaration of Edward Ord (ECF No. 60) is DENIED as moot.

IT IS FURTHER ORDERED that the Motion to Strike the Declaration of Theodore Lee (ECF No. 67) is DENIED as moot.

IT IS FURTHER ORDERED that the Motion for Leave to File a Response to Lee's Request to Strike Defendant's Response to ECF No. 62 (ECF No. 70) is DENIED as moot.

IT IS SO ORDERED.

_____
ROBERT C. JONES
United States District Judge
DATED: This 17th day of February, 2017.